■ ALLIED BUILDING INSPECTORS INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION No. 211, AFL-CIO, et al., Respondents, v OFFICE OF LABOR RELATIONS OF THE CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, Bronx County, dated August 10, 1976, denying appellants' motion to dismiss the petition herein, by which petitioners sought to compel appellants to implement certain wage and salary provisions contained in a collective bargaining agreement between the parties, unanimously reversed, on the law, petition dismissed, without costs, and without disbursements, and the parties are directed to proceed to arbitration. The agreement between the parties provides for arbitration and specifically states that: "The grievance and arbitration procedure contained in this agreement shall be the *exclusive remedy* for the resolution of disputes defined as 'grievances' herein" (art VI, § 12; emphasis added). The definition of the term grievance contained in section 1 of article VI includes, "A dispute concerning the application or interpretation of the terms of this collective bargaining agreement". The present dispute between the parties, therefore, obviously constitutes a "grievance" under the agreement. Petitioners themselves initially followed the grievance provisions of the collective bargaining agreement when they, pursuant to section 5 of article VI, utilized "Step IV" of that article. They then, however, failed to go forward with "Step V", which calls for "impartial arbitration". Instead, they brought this article 78 proceeding. It follows, that appellants are correct when they contend that petitioners did not exhaust their administrative remedies and that those remedies mandate arbitration. Neither the proceedings involving the removal of this matter to the United States District Court for the Southern District of New York and the remand back to the State court, nor the decision of Judge Tenney, holding that removal had been improper, dealt, on the merits, with the issues presently raised. Hence, we hold that appellants have not waived their right to seek arbitration as urged by petitioners. Concur—Birns, J. P., Evans, Capozzoli and Markewich, JJ.